**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KEVIN E. MURPHY,**

|                          |                                        |
|--------------------------|----------------------------------------|
| **Petitioner,**          | **CASE NO. 2:15-CV-3071**              |
|                          | **CHIEF JUDGE EDMUND A. SARGUS, JR.** |
|                          | **MAGISTRATE JUDGE KEMP**             |
| **v.**                   |                                        |

**WARDEN, PICKAWAY CORRECTIONAL
INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition and the return of writ. Petitioner moved for an extension of time to reply to the return, which motion was granted, but he has not done so. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### I. Facts and Procedural History

The following facts are taken from the parties' filings, which include all of the relevant state court documents.

On March 2, 2010, Petitioner was indicted by the Franklin County, Ohio Grand Jury on a total of 55 counts charging theft, money laundering, receiving stolen property, forgery, tampering with records, attempted theft, and engaging in a pattern of corrupt activity. All of these charges related to alleged mortgage fraud. After unsuccessfully moving to dismiss the indictment based on a claim of prosecutorial misconduct, Petitioner pleaded guilty to one count of theft (a lesser included offense of count two of the indictment) with

an agreement that the prosecutor would not request a prison term longer than seven years. *Return*, Ex. 8. After the trial court accepted his plea, Petitioner was sentenced to six years in prison to be followed by three years of post-release control. *Return*, Ex. 10.

Through new counsel, Petitioner appealed to the Tenth District Court of Appeals. Counsel subsequently moved for leave to withdraw and to file an *Anders* brief. The brief (Ex. 17) raised the following three assignments of error:

> I. Appellant's sentence of six years is not consistent with sentences imposed for similar crimes committed by similar offenders, as required by R.C. 2929.11;
>
> II. The trial court's order of restitution was not based on the victim's actual economic loss, not based on competent and credible evidence in the record, and did not bear a reasonable relationship to the loss suffered; and
>
> III. Under *Anders v. California*, the court is obligated to review the transcript for any non-frivolous issues or errors that could be appealed.

Petitioner, acting *pro se*, filed a motion for leave to file a supplemental brief on appeal, asking to raise additional arguments about prosecutorial misconduct and sentencing error (failing to accept mitigating circumstances presented at sentencing). Ex. 18. That motion was granted, and the court of appeals considered the issues raised in the supplemental brief, though not in a later-filed addendum that the court deemed untimely. In a decision issued on December 19, 2013 , the Tenth District Court of Appeals affirmed Petitioner's conviction and sentence. *State v. Murphy*, 2013 WL 6726913 (Franklin Co. App. Dec. 19, 2013). That court subsequently denied Petitioner's motion for reconsideration. Ex. 43. Petitioner timely sought review of the court of appeals' decision in the Ohio Supreme

2

Court, raising only two issues: that the court of appeals failed to review the entire trial court transcript (part of it was not submitted to that court in connection with the initial appeal) and that the court of appeals erred in denying his motion for reconsideration. That effort was unsuccessful. *Return*, Ex. 48.

Petitioner made a number of additional state court filings. They included (1) a motion for reopening pursuant to App.R. 26(B), which alleged ineffective assistance of appellate counsel (*Return*, Ex. 49), and which was denied as untimely (*Return*, Ex. 59); and (2) a post-conviction petition filed pursuant to R.C. §2953.21 rasing claims of ineffective assistance of trial counsel (Ex. 64), as supplemented by Ex. 71, and which was denied based on the doctrine of *res judicata* (Ex. 77). Petitioner appealed both decisions; the Ohio Supreme Court declined to accept the first appeal, and the Tenth District Court of Appeals affirmed the second decision, also relying on *res judicata*. Ex. 82. The Ohio Supreme Court did not accept that matter for review, either, actually rendering its decision shortly after Petitioner filed his habeas corpus petition in this Court. Ex. 86. Petition made some other state court filings as well, but they are not relevant to the claims he presents here.

On December 10, 2015, Petitioner filed this federal habeas corpus petition, which he signed on December 2, 2015. He raises these grounds for relief:

> **Ground one**: Appellant's sentence of six years is not consistent with sentences imposed for similar crimes committed by similar offenders, as required by R.C. 2929.11, R.C. 2929.14, and is in violation of the Eight (sic) Amendment to the United States Constitution.
>
> **Ground Two**: The trial court's order of restitution was not based on the victim's actual economic loss, and not based on competent and credible

evidence contained in the record. The minimal amount of evidence did not bear a reasonable relationship to the loss suffered, in violation of the Fifth Amendment of the United States Constitution which was Petitioner's right to Due Process, and was insufficient to prove all elements of the crime.

**Ground Three**: The trial court erred to the prejudice of Petitioner by not accepting any of the mitigating evidence attempted to be presented by trial counsel, for the purpose of sentencing pursuant to O.R.C. 2929.14.

**Ground Four**: The Petitioner was denied effective assistance of counsel and due process of law in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution where errors in the cumulative show counsel abandoned (sic) Petitioner and failed to properly represent his client in the proceedings.

In the *Return*, Respondent argues that neither Ground One and Ground Two states a cognizable federal constitutional claim, and that Grounds Three and Four, in addition to other failings, have been procedurally defaulted. The Court begins its analysis with that argument.

## II. Procedural Default

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. §2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure

4

to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6, 103 (1982 (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

5

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must " 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' "

6

*Edwards,* 529 U.S. at 452 (quoting *Murray v. Carrier,* 477 U.S. 478, 479 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski,* 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter,* 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman*: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to " 'protect the integrity' of the federal exhaustion rule." *Id.,* at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by " 'letting the time run' " so that state remedies were no longer available. *Id.,* at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been

given a "fair 'opportunity to pass upon [his claims].' " *Id.*, at
854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J.,
dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S.
200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a

procedural default occurred, it must not consider the procedurally defaulted claim on the

merits unless "review is needed to prevent a fundamental miscarriage of justice, such as

when the petitioner submits new evidence showing that a constitutional violation has

probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727

F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

### A. Ground Three

As noted, Petitioner's third ground for relief asserts that the trial court erred by not

accepting mitigating evidence at sentencing. It is not entirely clear what facts might

support this claim. Petitioner refers to a denial of the right of allocution at sentencing but,

as Respondent correctly points out, Petitioner addressed the trial judge at the sentencing.

*See* Transcript following *Return* Ex. 104. In any event, he did not raise that issue as part of

his *pro se* appellate brief, and conceded that he had addressed the trial judge to express his

remorse. Any such issue has been waived. A close reading of Petitioner's brief suggests

not that the trial judge refused to consider mitigating evidence but that, according to

Petitioner, he did not properly take it into account in deciding to impose a six-year

sentence, which was longer than the sentence given to another defendant involved in the

8

same scheme (more on this issue below).  While that claim was properly preserved on appeal and addressed on its merits by the Tenth District Court of Appeals, the court treated it as raising only an issue under Ohio law, and found, as a fact, that "nothing in the record suggest[ed] that the court failed to consider the mitigating factors appellant presented." *State v. Murphy*, 2013 WL 6726913, *5.  This Court is bound by that factual finding, *see* 28 U.S.C. §2254(e)(1), and it is also consistent with the transcript of the sentencing hearing. The claim raised in the state court of appeals does not appear to have a federal constitutional component, and any effort to recast the claim in federal constitutional terms now would violate the rule that such claims must be "fairly presented" to the state courts in order to allow them to correct their own mistakes.  *See Hicks v. Straub*, *supra*.  The Court concludes, alternatively, that this claim is either without merit and lacks factual support in the record or, if it is some type of federal constitutional claim, that it has been procedurally defaulted because it was not presented as such to the state courts.

### B.  Ground Four

In Ground Four, Petitioner raises a number of claims of ineffective assistance of trial counsel.  In general, he presented these same claims to the state courts through his post-conviction petition, which was not only untimely (a fact noted but not relied on by the trial court) but, according to the state courts, barred by *res judicata.*  If that is correct, these claims were also procedurally defaulted.

The Court of Appeals, in *McGuire v. Warden, Chillicothe Correctional Inst.*, 738 F.3d 741, 751 (6th Cir. 2013), explained how Ohio applies *res judicata* to claims of ineffective

assistance of trial counsel:

> Ohio law appears to contemplate two kinds of ineffective assistance of counsel claims, those based only on evidence in the trial record and those based in part on evidence outside the record. Ohio also appears to expect appellate counsel to recognize the types of claims and follow the proper procedure.

> As to the first type of claim, res judicata bars an ineffective assistance of counsel claim that relies entirely on evidence inside the trial record, since such a claim could have been brought on direct appeal. This is because in Ohio,

>> [u]nder the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

> *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, 108 (1967).

> Here is how the state court of appeals applied the doctrine in Petitioner's case:

>> The doctrine of res judicata places a significant restriction on the availability of postconviction relief. [citation omitted]. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment.' " (Emphasis deleted.) *State v. Cole*, 2 Ohio St.3d 112, 113 (1982), quoting *Perry* at paragraph nine of the syllabus. "Res judicata also implicitly bars a petitioner from 're-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." *Hessler* at ¶ 37, citing *Murphy*, 10th Dist. No. 00AP–233.

>> To overcome the res judicata bar to postconviction relief, the petitioner must present "competent, relevant, and material evidence" that is outside the record. *State v. Lawson*, 10th Dist. No. 02AP–148, 2002–Ohio–3329, ¶ 15; *State*

*v. Braden*, 10th Dist. No. 02AP–954, 2003–Ohio–2949, ¶ 27. The evidence offered in support must "advance the petitioner's claim beyond a mere hypothesis." *Lawson* at ¶ 15. Additionally, the petitioner must not rely on evidence that was in existence or available for use at the time of trial and that the petitioner should have submitted at trial if he wished to make use of it. *Id.*; *Braden* at ¶ 27.

Here, in his initial postconviction petition, Murphy argued his trial counsel was ineffective in a number of ways, including allegations that his counsel was not adequately prepared to represent him; that his counsel did not investigate key pieces of evidence that could have proved his innocence; and that his counsel induced him to enter a guilty plea by promising him he would receive a sentence of no more than four years with guaranteed release after six months. Though Murphy had occasion to file his own pro se brief during his direct appeal, Murphy did not raise a claim of ineffective assistance of counsel in that appeal. Instead, Murphy's motion filed during his direct appeal asking this court to take judicial notice of his counsel's alleged ineffectiveness demonstrates that Murphy could have made his ineffective argument during his direct appeal but chose not to. *Murphy*, 2013–Ohio–5599, at ¶ 24. Further, his arguments in support of his ineffective assistance claim rely on the trial record, so his claims of ineffective assistance of counsel "could have been fairly determined without resort to evidence outside the record in [his] direct appeal." *State v. McBride*, 10th Dist. No. 14AP–237, 2014–Ohio–5102, ¶ 7, citing *State v. Dixon*, 10th Dist. No. 03AP–564, 2004–Ohio–3374, ¶ 12.

*State v. Murphy*, 2015 WL 5997067, *3-4. That ruling is consistent with the way in which the doctrine is applied, and constitutes an adequate and independent state ground for the state courts' decision. Petitioner has not argued that there is some cause which might excuse this procedural default, and even if he might claim that his original appellate attorney was ineffective for failing to raise the claim on direct appeal, any such claim was itself procedurally defaulted because Petitioner's Rule 26(B) application for reopening, in which he asserted ineffective assistance of appellate counsel, was defaulted because it was

11

not timely filed. Finally, Petitioner makes no claim of actual innocence, and his guilty plea would significantly undercut any such claim. For these reasons, the Court will recommend that no relief be granted on either Ground Three or Ground Four.

### III. Grounds One and Two

Respondent argues that neither ground one nor ground two sets forth a federal constitutional claim. However, Respondent also addresses on its merits Petitioner's claim that the sentence imposed in this case constitutes cruel and unusual punishment in violation of the Eighth Amendment. That is a constitutional argument. Such a claim is properly raised in federal habeas corpus, but it fails for a number of reasons.

Petitioner has consistently argued, in a number of different ways, that the primary problem with his sentence is that it was harsher than the sentence handed down to another participant in the scheme (a Mr. Tubbs), who was, in Petitioner's view, more culpable, but who received only a four-year sentence. Apparently, other participants received lesser sentences as well. On direct appeal, Petitioner's claim was presented under Ohio law (R.C. §2929.11(B)) and analyzed by the state court under that statute. It rejected Petitioner's claim because Petitioner was unable to show that the trial judge failed to consider the applicable sentencing criteria found in §§2929.11 and 29292.12. *State v. Murphy*, 2013 WL 6726913, *4. It did not address any Eighth Amendment claim because none was made. Any federal constitutional claim was therefore waived and procedurally defaulted. In addition, any such claim is clearly without merit. *See, e.g., Getsy v. Mitchell*, 495 F.3d 295, 305-06 (6th Cir. 2007)(rejecting the notion that the Eighth Amendment is violated when

similarly-situated defendants receive different sentences), *citing, inter alia, McCleskey v. Kemp*, 481 U.S. 279 (1987).

As to Ground Two, Respondent contends that any issues relating to a state court's restitutionary order cannot be considered in the context of a habeas corpus petition because the Petitioner is not "in custody" pursuant to such an order, and it is a requirement of the habeas corpus statute, 28 U.S.C. §2254(a), that the Petitioner be " in custody pursuant to the judgment of a State court" before relief can be granted.  That is a correct statement of the law.  *See, e.g., United States v. Watroba*, 56 F.3d 28 (6th Cir. 1995); *Ellison v. Timmerman-Cooper*, 2011 WL 7946038 (S.D. Ohio Sept. 20, 2011), *adopted and affirmed* 2012 WL 1898629, (S.D. Ohio May 23, 2012).   As the Court of Appeals observed in *Washington v. McQuiggin*, 529 Fed. Appx. 766, 773, quoting with approval from Brian R. Means, <u>Federal Habeas Manual</u> §1:21 (2012 ed.) "'collateral relief from a noncustodial punishment, such as a fine or restitution order, is not made readily available to a defendant just because he happens at that time to also be subject to custodial penalties.'" Were this Court to grant relief on this claim - which is unlikely given that Petitioner, through counsel, expressly agreed to the amount of restitution to be paid, and the state court of appeals rejected it based on the invited error doctrine, which would be a waiver and procedural default - it would not result in either the release of the Petitioner from custody nor the shortening of his custodial sentence.  Consequently, it is not a proper subject for habeas corpus.  The Court therefore finds no merit in either the first or second grounds for relief.

## IV.  Recommended Disposition

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**..

### V. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

14

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge